### REDMAN v. REDMAN et al.

Court of Appeals of Kentucky.

June 8, 1951.

H. K. Spear, Somerset, for appellant.

C. Homer Neikirk, Somerset, for appellees.

CAMMACK, Chief Justice.

John M. Redman brought this action to have established a boundary line between his property and that of the appellees on the basis of a parol agreement. The controversy hinges on whether all of the appellant's property is on the south side of the Cooper Mill Road, in Pulaski County, or whether his line runs on the north side of the road. There is no claim that any of the property of the appellees, who live on the north side of the road, lies beyond the road. The appeal is from a judgment which holds, in effect, that the road is the correct boundary between the property of the appellant and the appellees.

It is the contention of the appellant that Claude Jasper, the county surveyor, was asked by the parties to run the agreed line in 1945. The proof, however, including that of Mr. Jasper, indicates that it was the appellant who asked Mr. Jasper to run the line from calls furnished by him. The appellant attempted to show also that, after the line was run in 1945, the appellees, or the predecessors in title of some of them, accepted the agreed line and acquiesced in its location for approximately a year. On the other hand, the proof for the appellees is to the effect that they did not agree that a survey be made to settle a dispute as to the location of the division line. Also they denied that they accepted or acquiesced in the location of the line run by Mr. Jasper in 1945.

It has long been held in this jurisdiction that owners of adjacent lands may settle bona fide boundary disputes either in writing or by parol agreements. Steele v. University of Kentucky, 295 Ky. 187, 174 S.W.2d, 129, 132, and cases cited therein. The applicable principles of law were summed up in the Steele case in the following language: "Accepting, as applicable law, each and every case cited by

appellants, we find the dominant principles to be that there must exist ownership or proprietary interest in the lands in dispute; that there is a bona fide controversy as to boundary line between the properties in controversy; that there must be an agreement between the parties to the controversy, and that possession must be taken in accord with the agreement, and acquiescence for a reasonable or considerable time. * * *"

In the case before us the proof falls far short of meeting the requirements just stated.

Judgment affirmed.